

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2007

# USA v. Colon

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3084

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Colon" (2007). *2007 Decisions*. Paper 525.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/525

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3084

UNITED STATES OF AMERICA

v.

CHRISTOPHER COLON,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 05-cr-00491)
District Judge: Honorable William J. Nealon

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2007

Before: RENDELL and AMBRO, <u>Circuit Judges</u>,
and SHAPIRO,<sup>*</sup> <u>District Judge</u>

(Opinion filed August 29, 2007)

OPINION

SHAPIRO, <u>District Judge</u>.

---

<sup>*</sup>Honorable Norma L. Shapiro, Senior Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Christopher Colon appeals his drug conviction and sentence as a violation of the Double Jeopardy clause of the Fifth Amendment. Colon also argues the District Court improperly imposed a two-level enhancement under the Sentencing Guidelines for distribution of a controlled substance in a prison. Finally, Colon claims the District Court did not articulate its consideration of the factors set forth in 18 U.S.C. § 3553(a). We have jurisdiction to review the conviction under 28 U.S.C. § 1291 and the sentence under 18 U.S.C. § 3742(a)(1).

## I. Facts & Procedural History

Christopher Colon was serving a sentence of 360 months for conspiracy to possess heroin with intent to distribute at the Schuylkill Federal Correction Institution when he was found collapsed and unresponsive . He was taken to a local hospital for emergency treatment where he vomited two balloons filled with heroin. During his stay, he admitted to having swallowed a total of four (4) balloons filled with heroin. Later he vomited the remaining two balloons, one still intact and one torn.

In the week that followed, Colon was interviewed by an FBI agent regarding the incident and admitted he agreed with other inmates to swallow balloons given to him during a visitation as part of a plan to distribute the heroin to other inmates.

On January 26, 2004, Colon's urine tested positive for heroin as a result of the ruptured balloon. He received the following disciplinary sanction: disciplinary segregation (60 days); disallowance of good conduct time (54 days); loss of phone privileges (5 years); loss of visitation privileges (7 years); and disciplinary transfer.        On April 2, 2004,

2

Colon received the following consecutive sanction for introduction and possession of narcotics: disciplinary segregation (60 days); disallowance of good conduct time (54 days); loss of phone privileges (5 years); loss of visitation privileges (5 years); and disciplinary transfer (to the United States Penitentiary at Lewisburg, Pennsylvania).

On December 14, 2005, Colon plead guilty to possession of contraband by a federal prisoner in violation of 18 U.S.C. §§ 1971(a)(2) and (b)(1). The plea agreement did not include a waiver of the right to appeal.

The presentence report recommended an initial offense level of 12 under U.S.S.G. § 2D1.1(c)(14) with the addition of two levels for distribution of controlled substances in a prison. Colon, objecting to the presentence report's recommendation, denied he intended to distribute. The District Court found that Colon introduced the heroin into the prison knowingly and with intent to distribute and sentenced Colon to 27 months, consecutive to the sentence he was serving.

## II. Discussion

### A. Double Jeopardy

Colon argues the prison sanctions were so punitive in purpose and effect they were a form of criminal punishment, so the criminal sentence he later received violated his constitutional right against multiple prosecution under the Double Jeopardy clause of the Fifth Amendment. Because Colon failed to preserve this issue in the District Court, we

3

review for plain error. *United States v. Olano*, 507 U.S. 725, 731 (1993).

The Double Jeopardy clause of the Fifth Amendment protects defendants from three forms of criminal punishment: 1) prosecution for the same offense after acquittal; 2) prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. *United States v. Ursery*, 518 U.S. 267, 273 (1996). The issue in this case is whether Colon was subjected to multiple punishments for the same offense.

"[A] prison disciplinary hearing is not a prosecution for Double Jeopardy purposes," and sanctions imposed as a result of such hearings do not bar criminal prosecution. *United States v. Newby*, 11 F.3d 1143, 1144 (3d Cir. 1993). In *Newby*, prisoners convicted of interfering with a prison guard received both disciplinary sanctions and criminal punishment. The sanction imposed by the prison officials (loss of 1,000 days of good time credit, transfer and segregation) was not grossly disproportionate to a remedial goal. Such sanctions are designed to discourage subordination in an environment where order is of paramount importance. *Id.* at 1146.

Here, Colon's disciplinary sanctions totaled a loss of 108 days of good time credit, 120 days of segregation, 10 years' loss of phone privileges, 12 years' loss of visitation privileges, 5 years' loss of commissary privileges, and transfer. These sanctions, while severe, are not grossly disproportionate to a remedial goal. Colon was convicted of possession of drugs within a prison as part of a scheme to distribute. The inherent danger of drugs is magnified when introduced to a controlled environment like a prison. Sanctions such

4

as loss of phone and visitation privileges and disciplinary transfer assist in preventing the offender from conspiring and executing other schemes with inmates and people on the outside. Sanctions, such as loss of good time credit, are common forms of prison discipline and serve more generally to deter not only the specific offender from future misconduct but also other inmates with similar intentions.

Considering the danger that smuggling drugs poses in prison as well as the limited alternatives available to prevent such occurrences, the sanctions Colon received were proportionate to a remedial goal. Because the disciplinary sanctions were not "punishment," there could not be the imposition of multiple punishments for the same offense. There was no violation of the Double Jeopardy clause.

### B. Two-level Enhancement

The Federal Sentencing Guidelines require a two-level enhancement, "if the object of the offense was the distribution of a controlled substance in a prison, correctional facility, or detention facility..." U.S.S.G. § 2D1.1(b)(3). Colon argues he never intended to distribute the drugs he smuggled into the Schuylkill Federal Correction Institution and never admitted such an intention. Colon further contends a sentence based on intent to distribute requires a charge of such conduct.

We review the District Court's legal interpretation of the Guidelines *de novo* but apply the deferential standard of "clear error" to its factual determinations. *United States v. Zats*, 298 F.3d 182, 185 (3d Cir. 2002).

The District Court found Colon intended to distribute contraband in a prison. The FBI agent who interviewed Colon following the incident testified at the sentencing hearing that Colon admitted to participating in a scheme to smuggle four balloons of heroin into the prison for the purposes of distribution. Colon then testified to the contrary. After hearing both witnesses, the District Court accepted the testimony of the FBI agent in determining that Colon did in fact intend to distribute the heroin. Upon review of the record, we do not find this determination was plain error.

The District Court considered evidence at sentencing of intent to distribute contraband although that was not an element of the charge of conviction. 18 U.S.C. § 3661 states, "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence." The Federal Sentencing Guidelines allow a court in imposing a sentence to consider "without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." *See U.S. Sentencing Guidelines Manual* § 1B1.4 (2006). § 1B1.3 of the Guidelines permits the District Court to consider all other related conduct when determining the range: "Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range." *Id.*

There is no question that, even post-*Booker*, a sentencing court may consider relevant conduct the court finds has been proved by a preponderance of the evidence. *United States*

*v. Booker*, 543 U.S. 220 (2005), *United States v. Grier*, 475 F.3d 556, 561 (3d Cir. 2006) (en banc). "[F]indings of fact relevant to the Guidelines need not be submitted to a jury." *Id.* at 564.

Here, the District Court found by a preponderance of the evidence that Colon intended to distribute the drugs he smuggled into prison and granted a two-level enhancement pursuant to § 2D1.1(b)(3). Although intent is not an element of the charge of conviction both 18 U.S.C. § 3661 and the Sentencing Guidelines allow such evidence to be considered at sentencing as relevant conduct, both in setting the custodial range and imposing the specific term within that range. Because the District Court properly determined the applicable Guidelines, we reject Colon's claim.

### C. The 18 U.S.C. § 3553(a) Sentencing Factors

Colon claims the District Court failed to articulate its consideration of the factors set forth in 18 U.S.C. § 3553(a). He failed to preserve this issue in the District Court, so we review only for plain error (that is, error that is plain and substantially affects the rights of the defendant). *United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir. 2006).

The requirement of adequate articulation is met when the record shows the trial court gave meaningful consideration to the § 3553(a) factors. *United States v. Cooper*, 437 F.3d 324, 327-8 (3d Cir. 2006). "There are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." *Id.* at 332. Courts need only "state adequate reasons for

7

a sentence on the record so that this court can engage in meaningful appellate review."

*United States v. King*, 454 F.3d 187, 196-197 (3d Cir. 2006).

In this case, the District Court made the following statement on the record:

> This sentence is within the guideline range, the range does not exceed 24 months and the Court finds that the sentence of 27 months imprisonment would be reasonable in view of the considerations expressed in 18 United States Code Section § 3553.
> The Court has considered the nature of the offense, the seriousness of possession of drugs in prison, and that such conduct should be deterred in the future and the intent of this sentence is to deter such criminal conduct by this Defendant and other inmates.

App. 93.

The District Court gave adequate insight on the exercise of its discretion and articulated the specific § 3553(a) factors considered. The statement is more than just a reiteration of the factors listed in § 3553(a). Rather, it addresses the specific subsections of § 3553(a), i.e., "the nature and circumstances of the offense" [§ 3553(a)(1)], "the need for the sentence imposed to reflect the seriousness of the offense" [§ 3553(a)(2)(A)], and "the need for the sentence imposed to afford adequate deterrence to criminal conduct" [§3553(a)(2)(B)]. This specification of the factors leading to a sentence of 27 months permits meaningful appellate review.

Because the record shows the District Court did more than merely recite the factors for consideration, we find the articulation of its reasoning not in plain error.

\* \* \* \* \*

For the foregoing reasons, we will AFFIRM Colon's conviction and sentence.

---